# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

RICHARD SMOLOWITZ and ROSE SMOLOWITZ

Plaintiffs,

- against -

THE SHERWIN-WILLIAMS COMPANY, MARTIN-
SENOUR PAINTS, DUTCH BOY, INC., MERCURY
PAINT COMPANY, PRATT & LAMBERT UNITED,
INC., ALCO INDUSTRIES, INC., MORTON PAINT
COMPANY, U.S. CHEMICAL INDUSTRIES, INC., RPM,
INC., RUST-OLEUM CORPORATION, BENJAMIN
MOORE & CO., NL INDUSTRIES, INC., KRONOS (US),
INC., E.I. DU PONT DE NEMOURS AND COMPANY,
AMERON INTERNATIONAL, INC., PPG INDUSTRIES,
INC., and GENERAL COATINGS, INC.,

Defendants.

FILED VSIBA

DEARIE, J.

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

NOV 0 8 2002

BROOKLYN OFFICE

CV-02 5940

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants The Sherwin-Williams Co. (on behalf of itself and the entities named in the caption as Martin-Senour Paints, Mercury Paint Co. and Pratt & Lambert United, Inc.), RPM, Inc., Rust-Oleum Corp., Benjamin Moore & Co., NL Industries, Inc., Kronos (US), Inc., E.I. du Pont de Nemours and Company, Ameron International, Inc., and PPG Industries, Inc. (collectively "Defendants") hereby file their joint Notice of Removal of the above-captioned action to this Court and state as follows:

1.    The Defendants are named in <u>Richard Smolowitz, et al. v. Sherwin-Williams Co., et al.</u>, Index No. 38103/02 (Sup. Ct. Kings Co.) (the "State Court Action").

2.    The Complaint in the State Court Action was filed with the Clerk of the Supreme Court of the State of New York, County of Kings, on September 20, 2002.

NYI-2023422v1

3.      Defendant The Sherwin-Williams Company ("Sherwin-Williams") was the first defendant served and was served with the Complaint on October 9, 2002.

4.      This Notice of Removal is being filed with this Court within thirty (30) days after Sherwin-Williams received a copy of the initial pleading of Plaintiffs Richard Smolowitz and Rose Smolowitz ("Plaintiffs") setting forth the claims for relief upon which Plaintiffs' action is based.

5.      A copy of all process, pleadings, and orders served upon Defendants in the State Court Action is attached to this Notice of Removal.

6.      Upon information and belief, at the present time and at the time of the commencement of the State Court Action, Plaintiff Richard Smolowitz is and was an individual citizen of the State of New York.

7.      Upon information and belief, at the present time and at the time of the commencement of the State Court Action, Plaintiff Rose Smolowitz is and was an individual citizen of the State of New York.

8.      Both at the present time and at the time of the commencement of the State Court Action, Sherwin-Williams is and was a corporation incorporated under the laws of the State of Ohio with its principal place of business in the State of Ohio.  Sherwin-Williams was served on Oct. 9, 2002.

9.      Martin-Senour Paints no longer exists as a legal entity.  Martin-Senour Paints was merged into Sherwin-Williams prior to commencement of the State Court Action. Martin-Senour Paints was served on Oct. 10, 2002.

10.      Upon information and belief, Dutch Boy, Inc. no longer exists as a legal entity.  Dutch Boy, Inc. formerly was a corporation incorporated under the laws of the State of

Pennsylvania. Upon further information and belief, Dutch Boy, Inc. changed its name to Artra Group Incorporated on or about Dec. 31, 1980. Artra Group Incorporated is incorporated under the laws of the State of Pennsylvania with its principal place of business in the State of Illinois. Upon further information and belief, Artra Group Incorporated filed for bankruptcy under Chapter 11 on or about June 3, 2002, which automatically stayed all proceedings as they relate to Artra Group Incorporated. See 11 U.S.C. § 362. It is not known whether Dutch Boy, Inc. was served.

11.     Prior to the commencement of the State Court Action, Sherwin-Williams purchased assets of Mercury Paint Company, a corporation that was incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan. Mercury Paint Company was served on Oct. 10, 2002.

12.     Pratt & Lambert United, Inc. no longer exists as a legal entity. Pratt & Lambert United, Inc. was merged into Sherwin-Williams prior to commencement of the State Court Action. Pratt & Lambert United, Inc. was served on Oct. 9, 2002.

13.     Upon information and belief, Alco Industries, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania. Upon information and belief, Alco Industries, Inc. has not been served.

14.     Upon information and belief, there is no legal entity known as Morton Paint Co. Upon information and belief, prior to the commencement of the State Court Action, Morton Paint Co. was merged into U.S. Chemical & Plastics, which is an unincorporated division of Alco Industries, Inc. Upon information and belief, U.S. Chemical & Plastics is located in the State of Ohio. Upon information and belief, Morton Paint Co. has not been served.

15.     There is no extant legal entity known as U.S. Chemical Industries, Inc. Upon information and belief and after due diligence by Defendants, an entity known as U.S. Chemical Industries, Inc. was formerly incorporated in the State of New York, was dissolved on or about Jan. 6, 1995, and is now a defunct entity against which Plaintiffs have no viable cause of action. Upon information and belief and after further due diligence by Defendants, U.S. Chemical Industries, Inc. was in the export business and does not appear to be the intended defendant in this action. It is not known whether U.S. Chemical Industries, Inc. was served.

16.     At the present time, RPM, Inc. is a corporation incorporated under the laws of the State of Delaware. At the time of the commencement of the State Court Action, RPM, Inc. was a corporation incorporated under the laws of the State of Ohio. Both at the present time and at the time of the commencement of the State Court Action, RPM, Inc.'s principal place of business was located in the State of Ohio. The exact date that RPM, Inc. received the Summons and Complaint is unknown, but that date was not prior to Oct. 9, 2002.

17.     Both at the present time and at the time of the commencement of the State Court Action, Rust-Oleum Corporation is and was a corporation incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois. Rust-Oleum was served on Oct. 15, 2002.

18.     Both at the present time and at the time of the commencement of the State Court Action, Benjamin Moore & Co. is and was a corporation incorporated under the laws of the State of New Jersey with its principal place of business in the State of New Jersey. Benjamin Moore & Co. was served on Oct. 10, 2002.

19.     Both at the present time and at the time of the commencement of the State Court Action, NL Industries, Inc. is and was a corporation incorporated under the laws of the

State of New Jersey with its principal place of business in the State of Texas. NL Industries, Inc. was served on Oct. 10, 2002.

20.     Both at the present time and at the time of the commencement of the State Court Action, Kronos (US), Inc. is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Texas. Kronos (US), Inc. was served on Oct. 10, 2002.

21.     Both at the present time and at the time of the commencement of the State Court Action, E.I. du Pont de Nemours and Company is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Delaware. E.I. du Pont de Nemours and Company was served on Oct. 11, 2002.

22.     Both at the present time and at the time of the commencement of the State Court Action, Ameron International, Inc. is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of California. Ameron International, Inc. was served on Oct. 11, 2002.

23.     Both at the present time and at the time of the commencement of the State Court Action, PPG Industries, Inc. is and was a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania. PPG Industries, Inc. was served on Oct. 10, 2002.

24.     Upon information and belief and based upon a review of records from the New York Department of State, Division of Corporations, there is no entity by the name of General Coatings, Inc. that is a New York domestic corporation. Upon information and belief, there used to exist a now-dissolved company called General Coatings, Inc., with the same service address as the one listed in Plaintiffs' Summons, which was a corporation incorporated under the

laws of the State of Minnesota with its principal place of business in the State of Minnesota. It is not known whether General Coatings, Inc. was served.

        25.    The amount in controversy in the State Court Action, including the punitive damages sought, exceeds the sum of $75,000.00, exclusive of interest and costs.

        26.    Accordingly, this Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332. The above-captioned action may properly be removed to this Court pursuant to 28 U.S.C. § 1441(a).

        27.    All Defendants that have been served with the Complaint in the State Court Action consent to and join in this Notice of Removal.

        28.    Promptly after filing of this Notice of Removal, Defendants shall provide notice of the removal to Plaintiffs through their attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Dated: New York, New York
       November 8, 2002

Respectfully submitted,

By: _____

Jane Rue Wittstein (JR-3941)
Chris J. Lopata (CL-3260)
Howard F. Sidman (HS-9615)
JONES, DAY, REAVIS & POGUE
222 E. 41st Street
New York, NY  10017-6702
Tel.:  (212) 326-3939
Fax:  (212) 755-7306

Charles H. Moellenberg, Jr., Esq.
JONES, DAY, REAVIS & POGUE
One Mellon Center, 31st Floor
500 Grant Street
Pittsburgh, PA  15219-2502
Tel.:  (412) 391-3939
Fax:  (412) 394-7959

Attorneys for Defendant
The Sherwin-Williams Company (and the
entities identified in the caption as Martin-
Senour Paints, Mercury Paint Co., and Pratt
& Lambert United, Inc.)

By:   _____

Michael B. Sena, Esq.  (0170)
Silbert, Hiller & Sena, LLP
1500 Broadway, 21st Floor
New York, NY  10036
Tel.:  (212) 245-0808
Fax:  (212) 245-2630

Attorneys for Defendants RPM, Inc. and
Rust-Oleum

By: _____

Daniel J. Kornstein (DK-3264)
KORNSTEIN, VEISZ, WEXLER &
POLLARD, LLP
757 Third Avenue
New York, NY 10017
Tel.: (212) 418-8600
Fax: (212) 826-3640

Timothy S. Hardy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
Tel.: (202) 879-5000
Fax: (202) 879-5200

Attorneys for Defendants NL Industries, Inc.
and Kronos (US), Inc.

By:  _____
James K. Leader (JL-9417)
Joseph G. Colao (JC-7425)
Joseph I. Fontak (JF-3013)
LEADER & BERKON LLP
630 Third Avenue
New York, NY 10017
Main:  (212) 486-2400
Fax:  (212) 486-3099

Attorneys for Defendant E.I. du Pont de
Nemours and Company

NYI-2023422v1

By:        *Joseph P. LaSala* /s/
           Joseph P. LaSala, Esq. (JPL-2141)
           McELROY, DEUTSCHE & MULVANEY, LLP
           1300 Mount Kemble Avenue
           P.O. Box 2075
           Morristown, NJ  07962-2075
           Tel.:  (973) 993-8100
           Fax:  (973) 425-0161

           Attorneys for Defendant Ameron
           International, Inc.

OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------X

RICHARD SMOLOWITZ AND ROSE SMOLOWITZ, :

                              Plaintiffs,      :

        - against -                            :

THE SHERWIN-WILLIAMS COMPANY, MARTIN-SENOUR :
PAINTS, DUTCH BOY, INC., MERCURY PAINT COMPANY,
PRATT & LAMBERT UNITED, INC., ALCO INDUSTRIES, :
INC., MORTON PAINT COMPANY, U.S. CHEMICAL
INDUSTRIES, INC., RPM, INC., RUST-OLEUM :
CORPORATION, BENJAMIN MOORE & CO., N L
INDUSTRIES, INC., KRONOS (US), INC., E.I. DU PONT DE :
NEMOURS AND COMPANY, AMERON INTERNATIONAL,
INC., PPG INDUSTRIES, INC. AND GENERAL COATINGS, :
INC.,

                              Defendants.      :

------------------------------------------X

Index No. 38103/02

**Date Filed:**

Plaintiffs designate Kings County, New York as the place of trial

The basis of the venue is Plaintiffs' Domicile

**SUMMONS**

To the above named Defendants:

***You are hereby summoned*** to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:          New York, New York
                September 19, 2002

*SALVATORE V. AZZOLINE [SA-5359]*
*LEVY PHILLIPS & KONIGSBERG, L.L.P.*
*520 Madison Avenue*
*New York, New York 10022*
*(212) 605-6203*
*Fax: (212) 605-6290*

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

37601

*Defendants' addresses:*

The Sherwin-Williams Company
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

Martin- Senour Paints
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

Dutch Boy, Inc.
500 Central Ave.
Northfield, Illinois 60093

Mercury Paint Company
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

Pratt & Lambert United, Inc.
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

Alco Industries, Inc.
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

Morton Paint Company
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

U.S. Chemical Industries, Inc.
c/o Demov Morris Levin & Hammerling
Attn: H. Robert Feinberg
40 West 57th St.
New York, New York 10019

RPM, Inc.
2628 Pearl Road
Medina, Ohio 44258

Rust-Oleum Corporation
c/o The Prentice-Hall Corporation System,
Inc.
33 North LaSalle St.

Chicago, Il 60602-2607

Benjamin Moore & Co.
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

N L Industries, Inc.
c/o The Prentice-Hall Corporation System,
Inc.
80 State Street
Albany, New York 12207

Kronos (US), Inc.
c/o The Prentice-Hall Corporation System,
Inc.
80 State Street
Albany, New York 12207

E.I. Du Pont De Nemours and Company
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

Ameron International, Inc
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

PPG Industries, Inc.
c/o The Prentice-Hall Corporation System,
Inc.
80 State Street
Albany, New York 12207

General Coatings, Inc.
c/o C. T. Corporation System
277 Park Ave.
New York, New York 10017

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RICHARD SMOLOWITZ AND ROSE SMOLOWITZ,

Plaintiffs,

- against -

THE SHERWIN-WILLIAMS COMPANY, MARTIN- SENOUR
PAINTS, DUTCH BOY, INC., MERCURY PAINT COMPANY,
PRATT & LAMBERT UNITED, INC., ALCO INDUSTRIES, INC.,
MORTON PAINT COMPANY, U.S. CHEMICAL INDUSTRIES,
INC., RPM, INC., RUST-OLEUM CORPORATION, BENJAMIN
MOORE & CO., N L INDUSTRIES, INC., KRONOS (US), INC.,
E.I. DU PONT DE NEMOURS AND COMPANY, AMERON
INTERNATIONAL, INC., PPG INDUSTRIES, INC. AND GENERAL
COATINGS, INC.,

**Index No.**

**VERIFIED**
**COMPLAINT**

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiffs, by their attorneys Levy Phillips & Konigsberg, LLP, and as for

their Verified Complaint allege the following, upon information and belief:

<strong>PLAINTIFFS</strong>

1.      At relevant times, RICHARD SMOLOWITZ was a member of the Drywall

Tapers & Painters Union of Greater NY Local 1974 [hereafter "Local 1974"], an independent

contractor, and also was an employee of Puleo Construction [hereafter "Puleo"], Shore Drywall

[hereafter "Shore"], Clay Partition [hereafter "Clay"], ADAK, formerly Shore Drywall [hereafter

"ADAK"], J&J Interiors [hereafter "J&J"], Warner Krebes [hereafter "Warner"], Star Circle,

formerly Star [hereafter "Star"], Muss Company [hereafter "Muss"] and Harry Waxman

Developers [hereafter "Waxman"] at which time he worked with and was exposed to paints,

chemicals and substances which were manufactured, designed, sold or distributed by defendants

2.      At relevant times, plaintiff ROSE SMOLOWITZ was and currently is the spouse of plaintiff at which time he worked with and was exposed to chemicals and substances which were manufactured, designed, sold or distributed by defendants.

## DEFENDANTS

3.      At all relevant times, defendant THE SHERWIN-WILLIAMS COMPANY, is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

4.      At all relevant times, defendant MARTIN- SENOUR PAINTS, is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

5.      At all relevant times, defendant DUTCH BOY, INC., is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and

substances which were used by RICHARD SMOLOWITZ in his years of employment taping

drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

6.      At all relevant times, defendant MERCURY PAINT COMPANY, is a corporation

authorized to do business within the State of New York, and is in the business of designing,

manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and

substances which were used by RICHARD SMOLOWITZ in his years of employment taping

drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

7.      At all relevant times, defendant PRATT & LAMBERT UNITED, INC., is a

corporation authorized to do business within the State of New York, and is in the business of

designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants,

chemicals and substances which were used by RICHARD SMOLOWITZ in his years of

employment taping drywall in various locations throughout the five boroughs of New York, New

York and elsewhere.

8.      At all relevant times, defendant ALCO INDUSTRIES, INC., is a corporation

authorized to do business within the State of New York, and is in the business of designing,

manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and

substances which were used by RICHARD SMOLOWITZ in his years of employment taping

drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

9.      At all relevant times, defendant U.S. CHEMICAL INDUSTRIES, INC., is a

corporation authorized to do business within the State of New York, and is in the business of

designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants,

chemicals and substances which were used by RICHARD SMOLOWITZ in his years of

3

sva/smolowitz/37600

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

10. At all relevant times, defendant RPM, INC., is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

11. At all relevant times, defendant RUST-OLEUM CORPORATION, is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

12. At all relevant times, defendant BENJAMIN MOORE & CO., is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

13. At all relevant times, defendant N L INDUSTRIES, INC., is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

4

sva/smolowitz/37600

14.    At all relevant times, defendant KRONOS (US), INC., is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

15.    At all relevant times, defendant E.I. DU PONT DE NEMOURS AND COMPANY, is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

16.    At all relevant times, defendant AMERON INTERNATIONAL, INC., is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

17.    At all relevant times, defendant PPG INDUSTRIES, INC., is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

5

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

At all relevant times, defendant GENERAL COATINGS, INC., is a corporation authorized to do business within the State of New York, and is in the business of designing, manufacturing, packaging, distributing and selling certain paints, stains, sealants, chemicals and substances which were used by RICHARD SMOLOWITZ in his years of employment taping drywall in various locations throughout the five boroughs of New York, New York and elsewhere.

## BACKGROUND

19.     Between 1964 and the present, plaintiff, RICHARD SMOLOWITZ, was a member of Local 1974, an independent contractor and also was an employee of Puleo, Shore, Clay, ADAK,, J&J, Warner, Star, Muss and Waxman at which time he worked as a taper of drywall in a commercial and residential construction settings where he worked with and was exposed to paints, stains, sealants, chemicals and substances which were manufactured, designed, sold or distributed by defendants .

20.     At all relevant times, each defendant designed, manufactured, distributed, sold, supplied and installed specific hazardous toxic paints, stains, sealants, chemicals or substances to these various work sites throughout the five boroughs of New York City, New York State and elsewhere, where these paints, stains, sealants, chemicals and substances were required for and utilized in the finishing of drywall usually in the painting process of said commercial construction setting.

21.     Plaintiff RICHARD SMOLOWITZ's employment on or near the finishing or painting process of drywall construction, resulted in prolonged contact with and exposure to

LEVY PHILLIPS &
KONIGSBERG, L.L.P.

6

these paints, stains, sealants, chemicals and substances used at these various commercial construction settings.

22. At all relevant times RICHARD SMOLOWITZ was required to have prolonged contact or exposure to these paints, stains, sealants, chemicals and substances at these various commercial construction locations and elsewhere where the finishing and painting of drywall took place. No generalized ventilation system was configured explicitly to protect the workers from airborne or skin exposure to the liquids, vapors, gases and fumes from the paints, stains, sealants, chemicals and substances. In fact, in most instances at these commercial construction settings, there was no ventilation system at all in use. At all relevant times where there was a ventilation system in use, these paints, stains, sealants, chemicals and substances have been components of the recirculated air at these commercial construction locations, have remained in the recirculated air mixture and have not been removed from it. Any "protective" gear worn by RICHARD SMOLOWITZ was inadequate for the protection of Plaintiff from exposure to paints, stains, sealants, chemicals and substances at the various commercial construction locations.

23. The aforesaid paints, stains, sealants, chemicals and substances to which the plaintiff was exposed in the course of employment were defective, unsafe and/or unreasonably dangerous.

24. At all relevant times, defendants failed and refused to warn or advise the plaintiff and others of the dangerous characteristics of the paints, stains, sealants, chemicals and substances and of the health threats or consequences to those who might use or be exposed to these paints, stains, sealants, chemicals and substances.

7

sva/smolowitz/37600

25.     At all relevant times, defendants failed to study, investigate, determine, impose or comply with reasonable standards and regulations to protect and promote the health and safety of, or to minimize the dangers to those using or who would forseeably use or be harmed by the aforesaid paints, stains, sealants, chemicals and substances, including the plaintiff herein.

26.     At all relevant times defendants failed to fully and properly test and study the aforesaid paints, stains, sealants, chemicals and substances to learn of the hazards associated with their use.

27.     Defendants made express and implied warranties and representations, incorrectly and untruthfully, that its aforesaid paints, stains, sealants, chemicals and substances were safe and suitable for use.

28.     Motivated by a desire for unwarranted economic gain and profit defendants wilfully and recklessly ignored knowledge, in existence at all relevant times, of the health hazards of the aforementioned equipment and have thereby exhibited reckless disregard for the health and well being of the plaintiff herein, and numerous others who use their products.

29.     Defendants  failed to warn former workers, including that of the instant plaintiff, who is no longer employed as a drywall taper and a member of Local 1974, as an independent contractor and  employed at Puleo, Shore, Clay, ADAK,, J&J, Warner , Star, Muss and Waxman, of the potential future hazards known to it which might occur to these individuals as a consequence of their exposure to paints, stains, sealants, chemicals and substances while employed as a drywall taper and a member of Local 1974, as an independent contractor and employed at Puleo, Shore, Clay, ADAK,, J&J, Warner , Star, Muss and Waxman.

8

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

30.   Defendants' misconduct in their improper design of paints, stains, sealants, chemicals and substances, their failure to warn of the dangers of these products and, particularly, in their breach of their continuing duties to warn proximately caused each and every one of plaintiff's injuries whenever they may have occurred.

31.   Defendants' conduct falls within one or more of the subdivisions of C.P.L.R. §1602.

32.   As a consequence of the foregoing misconduct on the part of defendants, RICHARD SMOLOWITZ sustained and with reasonable probability will in the future sustain the following injuries and/or damages:

(a)   physical pain and suffering;

(b)   physical disabilities;

(c)   mental anguish;

(d)   loss of the enjoyment of life's pleasures;

(e)   inability to participate in his usual employment and activities;

(f)   lost income, and lost earning opportunities;

(g)   medical expenses;

(h)   other economic loss;

and was otherwise injured or damaged.

33.   As a consequence of the foregoing misconduct on the part of defendants, ROSE SMOLOWITZ, spouse of plaintiff RICHARD SMOLOWITZ sustained and with reasonable probability will in the future sustain the following injuries and/or damages:

9

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

(a)     mental anguish;

(b)     loss of the enjoyment of life's pleasures;

(c)     loss of consortium;

and was otherwise injured or damaged.

34.     To the extent that plaintiff RICAHRD SMOLOWITZ's injury was discovered, or through the exercise of reasonable diligence should have been discovered more than three years prior to the commencement of this action then plaintiffs contend, in the alternative, that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his or her injury had not been discovered, identified or determined prior the expiration of the period within which the action or claim would have been authorized, and that the injured plaintiff has otherwise satisfied the requirements of CPLR 214-c (2) and (3).

## AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURIES BASED UPON NEGLIGENCE

35.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 34, as if fully set forth herein.

36.     Defendants willfully, recklessly and negligently failed and refused to warn or advise RICHARD SMOLOWITZ and others of the dangers and hazards of the aforesaid paints, stains, sealants, chemicals and substances, and the dangers posed to the health and welfare of those coming in contact with or using the aforesaid paints, stains, sealants, chemicals and substances.

Defendants willfully, recklessly and negligently failed to provide needed, accurate and adequate warnings and information of the health hazards and dangers of the aforesaid paints, stains, sealants, chemicals and substances to those who would reasonably and forseeably come into contact with, use or be harmed by them.

38.    Defendants willfully, recklessly and negligently failed to study, investigate, ascertain, impose or comply with reasonable standards and regulations to protect and promote the health and safety of or minimize the dangers to those using or coming into contact with the aforesaid paints, stains, sealants, chemicals and substances.

39.    Defendants willfully, recklessly and negligently failed to fully and properly test and study the aforesaid paints, stains, sealants, chemicals and substances to fully learn of the hazards associated with those products and their use.

40.    Defendants willfully, recklessly and negligently failed to develop, make available, provide, or promote paints, stains, sealants, chemicals and substances which were free of defect, and/or failed to design the aforesaid equipment so as to prohibit or minimize their hazards.

41.    Defendants willfully, recklessly and negligently failed to provide instructions of potentially safer methods of handling the aforesaid paints, stains, sealants, chemicals and substances to users or others forseeably coming with or using it.

42.    Defendants negligently failed to provide a safe place to work.

43.    Defendants were otherwise negligent.

44.    As a proximate consequence of the acts, omissions, wilfulness, recklessness and negligence of defendants, plaintiff RICHARD SMOLOWITZ sustained the injuries and

damages set forth above, and the respective defendants against whom the aforesaid claims are made by the plaintiff, RICHARD SMOLOWITZ , as set forth herein, are accordingly liable for negligence.

45.     Defendants' willful, wanton, and intentional misconduct evinces a total, conscious and/or reckless disregard for the life and well-being of plaintiff, RICHARD SMOLOWITZ , as well as for the health, well-being and rights of others who used or otherwise came into contact with the aforesaid paints, stains, sealants, chemicals and substances.

46.     As a proximate result, plaintiff, RICHARD SMOLOWITZ , as set forth above, have been damaged in sums which exceed the jurisdictional limitations of all courts of limited jurisdiction.

47.     As a consequence, an award for punitive damages is required to uphold and vindicate the public welfare.

48.     As a proximate result, plaintiffs are each entitled to punitive damages in the amount to be determined by the trier of fact.


## AS AND FOR A SECOND CAUSE OF ACTION FOR PERSONAL INJURIES
## BASED UPON STRICT PRODUCTS LIABILITY

49.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 48, as if fully set forth herein.

50.     As a direct and proximate result of the defective, unsafe and unreasonably dangerous condition of the defendants' paints, stains, sealants, chemicals and substances, plaintiffs RICHARD SMOLOWITZ  herein sustained all of the injuries as set forth above.

12

sva/smolowitz/37600

As a proximate result of the foregoing, the respective defendants as set forth above, are strictly liable to plaintiff RICHARD SMOLOWITZ who have made claims against them as set forth herein.

52.     By reason of the foregoing, plaintiff RICHARD SMOLOWITZ, as set forth above, have been damaged in sums which exceed the jurisdictional limitations of all courts of limited jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION FOR PERSONAL INJURIES BASED UPON BREACH OF WARRANTY

53.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 52, as if set forth fully herein.

54.     As a direct and proximate result of the breaches of express and implied warranties made by defendants with respect to their paints, stains, sealants, chemicals and substances herein, plaintiff, RICHARD SMOLOWITZ, sustained the injuries and damages as set forth above.

55.     As a proximate result of the foregoing the respective defendants as set forth above are strictly liable for breach of warranty to plaintiff, RICHARD SMOLOWITZ.

56.     By reason of the foregoing, plaintiff, RICHARD SMOLOWITZ, as set forth above, has been damaged in sums which exceed the jurisdictional limitations of all courts of limited jurisdiction.

13

sva/smolowitz/37600

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR PERSONAL INJURIES
## BASED UPON POST EMPLOYMENT FAILURE TO WARN

57.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 56, as if set forth fully herein.

58.    That plaintiff, RICHARD SMOLOWITZ, left his employment as a drywall taper and a member of Local 1974, an independent contractor and his employment at Puleo, Shore, Clay, ADAK, J&J, Warner , Star, Muss and Waxman prior to the time that he suffered any or all of his manifest injuries or damages.

59.    Between the time of his last employment as a drywall taper and a member of Local 1974, an independent contractor and employed at Puleo, Shore, Clay, ADAK,, J&J, Warner , Star, Muss and Waxman  and the time his injuries and damages became manifest, defendants improperly failed to notify or warn the plaintiff and his family of the dangers and hazards to which they were exposed, thereby depriving them of the opportunity to take steps to prevent or minimize the harms. injuries and damages that they might suffer.

60.    As a direct and proximate result of the acts, omissions, wilfulness, recklessness and negligence of defendants, plaintiff, RICHARD SMOLOWITZ, sustained the injuries and damages set forth above, and defendants are accordingly liable to them for post-employment failure to warn.

61.    As a proximate result, plaintiff, RICHARD SMOLOWITZ, as set forth above, has been damaged in sums which exceed the jurisdictional limitations of all courts of limited jurisdiction.

14

sva/smolowitz/37600

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR PERSONAL INJURIES
## BASED UPON ABNORMALLY DANGEROUS AND ULTRA HAZARDOUS ACTIVITY

62.    Plaintiff repeat and re-allege paragraphs 1 through 61, as if fully set forth herein.

63.    Defendants and each of them knew or should have known that their aforesaid conduct exposed plaintiff RICHARD SMOLOWITZ to an abnormally dangerous and ultrahazardous activity.

64.    As a direct and proximate result of the acts, omissions, wilfulness, recklessness and negligence of defendants, plaintiff, RICHARD SMOLOWITZ, sustained the injuries and damages set forth above, and the respective defendants against whom the aforesaid claims are made by this worker plaintiff and his spouse as set forth herein are accordingly liable for abnormally dangerous and ultra-hazardous activity.

65.    As a proximate result, plaintiff, RICHARD SMOLOWITZ, as set forth above, has been damaged in sums which exceed the jurisdictional limitations of all courts of limited jurisdictions.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR PERSONAL INJURIES
## BASED UPON FRAUDULENT CONCEALMENT AND MISREPRESENTATION

66.    Plaintiff repeats and re-alleges paragraphs 1 through 65, as if fully set forth herein.

15

sva/smolowitz/37600

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

67.     During all relevant times hereto the defendant paint, stain, sealant, chemical and substance manufacturers or distributors supplied the necessary paints, stains, sealants, chemicals and substances whose ingredients were a multitude of toxic chemicals, to the various commercial construction locations where plaintiff, RICAHRD SMOLOWITZ, was exposed to them in the taping and finishing of drywall and related processes that produced the finished commercial settings which are key to house, contain or otherwise secure people and things in any commercial or business setting.   The objective of these defendants was maximizing the construction of these commercial buildings, but in doing so, these defendants endangered the health, welfare and safety of plaintiff RICHARD SMOLOWITZ and his co-workers and their families.

68.     In their efforts to realize this objective, defendant paint, stain, sealant, chemical and substance companies caused their technical representatives to collaborate with representatives at these various commercial and residential construction sites and with each other (a) to design and develop the specifications for and (b) to specify the formulations for and chemical compounds and constituents in the paints, stains, sealants, chemicals, substances and solvents that were proposed to use and did use in its drywall taping, painting and finishing operations.

69.     In their efforts to realize this objective, defendant paint, stain, sealant, chemical and substance companies also caused their technical personnel to work with, consult and collaborate with representatives at these various commercial and residential construction sites throughout the five boroughs of New York City, New York State and elsewhere.   Defendant paint, stain, sealant, chemical and substances companies were thus fully aware of the manner in

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

sva/smolowitz/37600

which thence respective paints, stains, sealants, chemicals and substances were being utilized in its drywall taping, painting and finishing operations and thus were on notice of the nature and extent to which plaintiff and similarly situated workers were exposed to the paint, stain, sealant, chemical and substance constituents in the commercial construction environment, both as individual substances and as chemical mixtures.

70.     Defendants and each of them were so consumed with, and by, competitive production concerns that to induce plaintiff and other production personnel to engage in and maintain the high output and high productivity defendants deemed essential to their own profitability, they made and caused to be made numerous, repeated representations regarding the "safety" of commercial construction work and the "safety" of the paints, stains, sealants, chemicals and substances used at the various locations.  These representations under all the circumstances, they knew or should have known were reckless, irresponsible, and tragically misleading but by which they encouraged drywall taper and painter workers including plaintiff to trust, believe, accept and rely on.  Defendants wanted drywall taper and painter workers including plaintiff to trust, believe, accept and rely on these representations.  Moreover, because defendants held themselves out to workers as being authoritative, knowledgeable, expert, experienced and technologically advanced, defendants had reason to believe plaintiff and other drywall taper or painter workers would trust, believe, accept and rely on their representations.

71.     In furtherance of their common objectives as herein stated, defendants further engaged in a concerted effort, pattern and practice of inducing not only workers, but also the health provider community, governmental agencies such as OSHA and the public at large to believe that a commercial construction environment where, as here, drywall tapers and painters

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

sva/smolowitz/37600

exposed paints, stains, sealants, chemicals and substances was a safe work environment for workers.

72.     Defendants engaged in this entire pattern and practice when at all times relevant hereto defendants have known that:

(a).     Commercial construction settings are not designed to protect drywall taper and painter workers from injury or damage from exposure to paints, stains, sealants, chemicals and substances; and that the "protective" gear, if any, that drywall taper and painter workers were required to wear was not an adequate form of protection for the workers against injury or harm from inhalation and dermal exposure to paints, stains, sealants, chemicals and substances at these commercial construction settings;

(b).     At all relevant times, defendants have known that to assume a paint, stain, sealant, chemical, substance, or any chemical compound is "safe" based on the representation that no contrary evidence has been discovered, identified, determined or disclosed, is a naive and potentially tragic assumption;

(c).     At all relevant times, defendants knew or should have known that under the circumstances of their employment in the commercial setting of drywall taping and painting, plaintiff and workers similarly situated would make and rely upon the assumption that a paint, stain, sealant, chemical, substance, or any chemical compound is "safe" if it is represented to them that no evidence to the contrary has been discovered, identified, determined or disclosed, and that plaintiff and workers similarly situated would continue to rely upon this naive and potentially tragic assumption unless and until specific, concerted efforts were made by defendants

and each of them to fully and finally disabuse plaintiff and others similarly situated of this incorrect belief;

(d).    At no time have defendants or any of them made any affirmative effort to disabuse plaintiff and those similarly situated of the assumption that a paint, stain, sealant, chemical, substance, or any chemical compound is "safe" if it is represented to them that no evidence to the contrary has been discovered, identified, determined or disclosed. To the contrary, at all times relevant hereto, as a proximate result of concerted efforts by the defendant chemical companies, plaintiff and his co-workers in reliance on defendants' representations that defendants knew of no evidence that exposure to paint, stain, sealant, chemical, substance, or any chemical compound used in the taping, painting and finishing of drywall posed a risk of chronic disease or reproductive harm, have mistakenly assumed that the paint, stain, sealant, chemical, substance, or any chemical compound that they were required to use or exposed to in taping, painting or otherwise finishing drywall were "safe" and posed no such risks. Plaintiff was thus denied timely knowledge of the fact that by reason of their industrial exposure to defendants' paints, stains, sealants, chemicals, substances, or any chemical compounds chemicals they were, in effect, "human guinea pigs;"

(e).    At all relevant times, defendants knew or should have known that as a result of concerted efforts by the defendant paint, stain, sealant, chemical and substance companies, plaintiff and their co-workers, in reliance on defendants' representations that defendants knew of no evidence that exposure to paint, stain, sealant, chemical, substance, or any chemical compound in the taping, painting and otherwise finishing of drywall posed a risk of chronic disease or reproductive harm, have mistakenly assumed that the paints, stains, sealants,

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

sva/smolowitz/37600

chemicals, substances, or any chemical compounds they were required to use in the clean rooms were "safe" and posed no such risks.

73.    In furtherance of an overall concerted pattern and practice of fraudulent concealment and deception, and through acts of omission and commission, misrepresentation, concealment, deception and fraud, defendants have wilfully caused, allowed and led plaintiff and others similarly situated to believe the following representations to be true:

(a)    That each, every, and all the paints, stains, sealants, chemicals, substances, or any chemical compounds and formulations supplied by defendants and used in commercial and residential drywall taping and painting processes have been tested and studied for adverse human health effects and have been proven to be safe and free from significant carcinogenic and mutagenic effects, when at all times relevant hereto defendants have known that no factual basis exists for such representation;

(b)    That at all times relevant hereto, the levels of solvent exposure in commercial and residential drywall taping and painting sites are maintained within OSHA exposure limits and that therefore workers face no significant health risks from exposure to the commercial and residential drywall taping and painting environment, when at all times relevant hereto, defendants have known that OSHA permissible exposure limits ("PELs") are not set based on the potential for adverse chronic effects in exposed workers and that therefore no factual basis exists for such a representation;

(c)    That each and every one of defendants' chemical compounds to be used in commercial and residential drywall taping and painting or elsewhere had been tested for its carcinogenicity, co-carcinogenicity, mutagenicity and reproductive toxicity potential both as

a separate compound and under conditions replicating a commercial or residential drywall taping and painting setting or environment and had been demonstrated to be free of all such risk when all times relevant hereto defendants have known that these chemicals and chemical compounds had not been so tested and studied and that no showing that exposed workers are free of these risks could reasonably be made;

(d)     That defendants' products had been tested and affirmatively shown to be free of harm to workers of child-bearing age when at all times relevant hereto defendants have known that these chemicals have not been so tested;

(e)     That defendants' products had been tested and affirmatively shown to be free of harm to the offspring of the workers of child-bearing age, when at all times relevant hereto defendants have known that there is no basis in fact for such representations;

(f)     That there are no constituents in defendants' chemicals used in commercial and residential drywall taping and painting sites or elsewhere that pose any significant risk to female reproductive health, when at all times relevant hereto defendants have known that there is no basis in fact for such representation;

(g)     That there are no constituents in chemicals used in commercial and residential drywall taping and painting sites or elsewhere that pose any significant risk to male reproductive health, when at all times relevant hereto defendants have known that there is no basis in fact for such representation;

(h)     That there are no constituents in any chemicals used in commercial and residential drywall taping and painting sites or elsewhere that pose any significant risk of

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
320 MADISON AVENUE
NEW YORK, N.Y. 10022

sva/smolowitz/37600

cancer or chronic disease to working people when at all times relevant hereto defendants have known that there is no basis in fact for such representation;

(i)     That defendants' representations that they know of no evidence for the existence of any significant risk of human harm from exposure to chemicals used in commercial and residential drywall taping and painting or elsewhere was equivalent to and should be understood by workers as meaning that there was no significant risk of harm from exposure to in commercial and residential drywall taping and painting chemicals, when at all relevant times defendants knew that they had no basis in fact for making such a representation;

(j)     That as long as exposures to chemicals used in commercial and residential drywall taping and painting sites were below OSHA permissible exposure limits that there was no significant risk of harm from exposure, when at all relevant times defendants have known that there is no basis in fact for making such a representation;

(k)     That there are no human data indicating that exposure to chemicals used in commercial and residential drywall taping and painting sites poses any risk to human health when at all times relevant hereto defendants have known that there was no factual basis for such an assertion;

(l)     That there are no human data to indicate that exposure to chemicals used in commercial and residential drywall taping and painting sites poses any risk to human health, including human reproductive health and development, when at all times relevant hereto defendants knew or should have known of all existence of human evidence that such a risk exists;

(m)     That there is no evidence of an increased risk of harm to human reproductive health from any clean room chemical exposures, when defendants knew or should

have known of compelling human evidence that an increased risk exists, that it has been specifically and significantly associated with certain commercial and residential drywall taping and painting chemical exposures, and that it specifically pertains to workers of commercial and residential drywall taping and painting sites in New York City, New York State and elsewhere.

74.     As a direct and proximate result of defendants' omissions and commissions, misrepresentations, deceptions and fraudulent concealments, plaintiff and plaintiff's spouse not only sustained the injuries herein alleged but said obstructionist conduct has deprived plaintiff and plaintiff's spouse of a fair and reasonable opportunity to discover the cause of their injuries any sooner than that time within one year from the commencement of this action that both the cause of each such injury and the fraudulent conduct by defendants was discovered.

75.     As a direct and proximate result of the acts, omissions, wilfulness, recklessness and negligence of defendants, plaintiff, RICHARD SMOLOWITZ, sustained the injuries and damages set forth above, and the respective defendants against whom the aforesaid claims are made by the worker plaintiff as set forth herein, are accordingly liable for fraudulent concealment and misrepresentation and/or enterprise liability.

76.     As a proximate result, plaintiff, RICHARD SMOLOWITZ, as set forth above, have been damaged in sums which exceed the jurisdictional limitations of all courts of limited jurisdiction.

23

wa.smolowitz.37600

LEVY PHILLIPS &
KONIGSBERG, L.L.P
520 MADISON AVENUE
NEW YORK, N.Y. 10022

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR LOSS OF CONSORTIUM

77.   Plaintiff, ROSE SMOLOWITZ. repeats and realleges paragraphs 1 through 80 fully set forth herein.

78.   As a result of the aforesaid conduct and the aforesaid breaches of duty the aforesaid spousal plaintiff ROSE SMOLOWITZ suffered damages in excess of the amount of recovery permitted in all courts of limited jurisdiction.

79.   Accordingly. each defendant is liable to the above mentioned spousal plaintiff on one or more of the aforementioned theories of liability.

**WHEREFORE:**

Each of the plaintiffs separately demands compensatory damages in each of the above enumerated claims in amounts exceeding the jurisdictional limitations of all courts of lesser jurisdiction;

Each of the plaintiffs separately demands punitive and exemplary damages in an amount to be determined by the trier of the facts;

Each of the plaintiffs separately demands the recovery of costs, disbursements or any other elements of damages or expenses which might be recoverable as a matter of law and/or equity; and

Each of the plaintiffs separately demand such other relief as to the Court may seem just and proper.

Dated: New York, New York
        September 19, 2002


LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

24

sys/smolowitz/37600

Yours etc.,

Salvatore V. Azzoline [SA-5359]
LEVY PHILLIPS & KONIGSBERG, LLP
520 Madison Avenue
New York, New York 10022
(212) 605-6203
Fax: (212) 605-6290

*Attorneys for Plaintiffs*

TO:    The Sherwin-Williams Company
        c/o C.T. Corporation System
        111 Eighth Avenue
        New York, New York 10011

        Martin- Senour Paints
        c/o C.T. Corporation System
        111 Eighth Avenue
        New York, New York 10011

        Dutch Boy, Inc.
        500 Central Ave.
        Northfield. Illinois 60093

        Mercury Paint Company
        c/o C.T. Corporation System
        111 Eighth Avenue
        New York, New York 10011

        Pratt & Lambert United. Inc.
        c/o C.T. Corporation System
        111 Eighth Avenue
        New York, New York 10011

        Alco Industries, Inc.
        c/o C.T. Corporation System
        111 Eighth Avenue
        New York, New York 10011

        Morton Paint Company
        c/o C.T. Corporation System
        111 Eighth Avenue
        New York, New York 10011

        U.S. Chemical Industries, Inc.
        c/o Demov Morris Levin & Hammerling
        Attn: H. Robert Feinberg
        40 West 57th St.
        New York. New York 10019

        RPM. Inc.
        2628 Pearl Road
        Medina, Ohio 44258

LEVY PHILLIPS &
KONIGSBERG. L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

Rust-Oleum Corporation
c/o The Prentice-Hall Corporation System, Inc.
33 North LaSalle St.
Chicago, Il 60602-2607

Benjamin Moore & Co.
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

N L Industries, Inc.
c/o The Prentice-Hall Corporation System, Inc.
80 State Street
Albany, New York 12207

Kronos (US), Inc.
c/o The Prentice-Hall Corporation System. Inc.
80 State Street
Albany, New York 12207

E.I. Du Pont De Nemours and Company
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

Ameron International, Inc
c/o C.T. Corporation System
111 Eighth Avenue
New York, New York 10011

PPG Industries, Inc.
c/o The Prentice-Hall Corporation System. Inc.
80 State Street
Albany, New York 12207

General Coatings, Inc.
c/o C. T. Corporation System
277 Park Ave.
New York, New York 10017

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 MADISON AVENUE
NEW YORK N Y 10722

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK ) 
) ss.:
COUNTY OF NEW YORK )

SALVATORE V. AZZOLINE, being duly sworn, deposes and says:

That he is a member of the firm of Levy Phillips & Konigsberg, LLP, attorneys for the plaintiffs. That he has read the foregoing Complaint and knows the contents thereof, and the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, he believes them to be true. The sources of his information are records in the file and an investigation caused to be made with respect to the facts in this action and the statements of the plaintiffs.

That the reason this verification is made by deponent and not by the plaintiffs is because the plaintiffs are not within the county where said attorneys have their offices, to wit: 520 Madison Avenue, City, County and State of New York.

SALVATORE V. AZZOLINE

Sworn to before me this _19_ day of September, 2002

Notary Public

COLLEEN A. DUBOIS
Notary Public, State of New York
No. 41-4843894
Qualified in Nassau County
Certificate Filed in Nassau County
Commission Expires March 30, 2003

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
520 MADISON AVENUE
NEW YORK, N.Y. 10022

28

sva/smolowitz/37600

*Sir :*

*Please take notice that the within is a certified true copy of a*   *duly entered in the within named court on*

Dated.

*Yours, etc.*

## LEVY PHILLIPS & KONIGSBERG, L.L.P.

*Attorneys for Plaintiff(s)*

*To*
*Attorney for*

---

### NOTICE OF SETTLEMENT

*Sir :*

*Please take notice that an order*   *of which the within is a true copy will be presented for*

*settlement to the Hon.*

*one of the judges of the within named court, at*   *on the   th day of*   *199*

*at*   *M.*

*Dated:*

*Yours, etc.*

## LEVY PHILLIPS & KONIGSBERG, L.L.P.

*Attorneys for Plaintiff(s)*

*To*
*Attorney for*

---

*Index N°:*

*SUPREME COURT OF THE STATE OF NEW YORK*   *COUNTY OF KINGS*

*RICHARD SMOLOWITZ, et al.,*

*Plaintiffs,*

*-against-*

*THE SHERWIN-WILLIAMS COMPANY, et al.,*

*Defendants.*

---

## LEVY PHILLIPS & KONIGSBERG, L.L.P.

*Attorneys for Plaintiff(s)*
Office and Post Office Address
520 Madison Avenue
New York, New York 10022
(212) 605-6200

*To*   Service of a copy of the within is hereby admitted.

2003 SEP 30 PM 4: 49

KINGS COUNTY CLERK
FILED

*Attorney(s) for*



# CT System

**Service of Process Transmittal Form**
New York, New York

**10/10/2002**

**Via Federal Express (2nd Day)**

RECEIVED

OCT 1 1 2002

TO:  Louis E Stellato VP, Gen. Csl. & Secy.
The Sherwin-Williams Company
101 Prospect Avenue
Midland Building
Legal Department
Cleveland, Ohio  44115-0000

Phone: (216) 566-2200 ex:
EMAIL: LESTELLATO@SHERWIN.COM

**RE:     PROCESS SERVED IN NEW YORK**

**FOR**       The Sherwin-Williams Company Domestic State: Oh

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **1. TITLE OF ACTION:** | Richard Smolowitz and Rose Smolowit, pltfs. vs The Sherwin-Williams Company et al defts., TO: Sherwin Williams Company. |
| **2. DOCUMENT(S) SERVED:** | Statement of Service by Mail and Acknowledgemnt of Receipt by Mail of Summons and Complaint. |
| **3. COURT:** | Supreme Court Of The State Of New York, County Of New York. Case Number 38103/02 |
| **4. NATURE OF ACTION:** | Seeks judgment for breach of Warranty. |
| **6. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, New York, New York |
| **6. DATE AND HOUR OF SERVICE:** | By Certified mail on 10/09/2002 with Postmarked Date 10/07/2002 |
| **7. APPEARANCE OR ANSWER DUE:** | Within 20/30 days. |
| **8. ATTORNEY(S):** | Levy  Phillips & Konigsberg, LLP 520 Madison Avenue New York, NY  10022 |
| **9. REMARKS:** | |

| | | |
|---|---|---|
| CC:   Cheryl Rampelt The Sherwin-Williams Company 101 Prospect Avenue Midland Building Legal Department Cleveland, Ohio  44115-0000 | **SIGNED** | CT Corporation System |
| | **PER ADDRESS** | Concetta Bertini /RJ 111 Eighth Avenue New York, NY  10011 SOP WS 0004841924 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.


# CT System

**Service of Process Transmittal Form**
New York, New York

**10/10/2002**

**Via Federal Express (2nd Day)**

**TO:** Louis E Stellato VP, Gen. Csl. & Secy.
The Sherwin-Williams Company
101 Prospect Avenue
Midland Building
Legal Department
Cleveland, Ohio  44115-0000

Phone: (216) 566-2200 ex:
EMAIL: LESTELLATO@SHERWIN.COM

**RECEIVED**

**OCT 1 1 2002**

**RE:   PROCESS SERVED IN NEW YORK**

**FOR**   Martin-Senour Paints Domestic State: Oh
True Name : The Sherwin-Williams Company

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **1. TITLE OF ACTION:** | Richard Smolowitz and Rose Smolowit, pltfs. vs The Sherwin-Williams company et al defts., TO: Martin-Senour Paints. |
| **2. DOCUMENT(S) SERVED:** | Statement of Service by Mail and Acknowledgemnt of Receipt by Mail of Summons and Complaint. |
| **3. COURT:** | Supreme Court Of The State Of New York, County Of New York. Case Number 38103/02 |
| **4. NATURE OF ACTION:** | Seeks judgment for breach of Warranty. |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, New York, New York |
| **6. DATE AND HOUR OF SERVICE:** | By Certified mail on 10/10/2002 with Postmarked Date 10/07/2002 |
| **7. APPEARANCE OR ANSWER DUE:** | Within 20/30 days. |
| **8. ATTORNEY(S):** | Levy  Phillips & Konigsberg, LLP 520 Madison Avenue New York, NY  10022 |
| **9. REMARKS:** | |

**CC:**   Cheryl Rampelt
The Sherwin-Williams Company
101 Prospect Avenue Midland Building
Legal Department
Cleveland, Ohio  44115-0000

**SIGNED**   CT Corporation System

**PER**
**ADDRESS**   Concetta Bertini /RJ
111 Eighth Avenue
New York, NY  10011
SOP WS 0004841893

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.


CT System

**Service of Process Transmittal Form**
New York, New York

**10/10/2002**

**Via Federal Express (2nd Day)**

TO:   Louis E Stellato VP, Gen. Csl. & Secy.
      The Sherwin-Williams Company
      101 Prospect Avenue
      Midland Building
      Legal Department
      Cleveland, Ohio  44115-0000

      Phone: (216) 566-2200 ex:
      EMAIL: LESTELLATO@SHERWIN.COM

*RECEIVED*
*OCT 1* *2002*

RE:   **PROCESS SERVED IN NEW YORK**

FOR      Mercury Paints Company Domestic State: Oh
         **True Name : The Sherwin-Williams Company**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| 1. TITLE OF ACTION: | Richard Smolowitz and Rose Smolowit, pltfs. vs The Sherwin-Williams Company et al defts., TO: Mercury Paint Company. |
| 2. DOCUMENT(S) SERVED: | Statement of Service by Mail and Acknowledgemnt of Receipt by Mail of Summons and Complaint. |
| 3. COURT: | Supreme Court Of The State Of New York, County Of New York. Case Number 38103/02 |
| 4. NATURE OF ACTION: | Seeks judgment for breach of Warranty. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, New York, New York |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 10/09/2002 with Postmarked Date 10/07/2002 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20/30 days. |
| 8. ATTORNEY(S): | Levy Phillips & Konigsberg, LLP 520 Madison Avenue New York, NY  10022 |

9. REMARKS:

| | | |
|---|---|---|
| CC:  Cheryl Rampelt<br>The Sherwin-Williams Company<br>101 Prospect Avenue Midland Building<br>Legal Department<br>Cleveland, Ohio  44115-0000 | SIGNED<br><br>PER<br>ADDRESS | CT Corporation System<br><br>Concetta Bertini /RJ<br>111 Eighth Avenue<br>New York, NY  10011<br>SOP WS 0004841927 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.



# CT System

**Service of Process Transmittal Form**
New York, New York

**10/10/2002**

**Via Federal Express (2nd Day)**

TO: Louis E Stellato VP, Gen. Csl. & Secy.
The Sherwin-Williams Company
101 Prospect Avenue
Midland Building
Legal Department
Cleveland, Ohio 44115-0000

Phone: (216) 566-2200 ex:
EMAIL: LESTELLATO@SHERWIN.COM

*RECEIVED*
*OCT 11 2002*

**RE:      PROCESS SERVED IN NEW YORK**

**FOR**      Pratt & Lambert United, Inc. Domestic State: NY

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Richard Smolowitz and Rose Smolowit, pltfs. vs The Sherwin-Williams Company et al defts., TO: Pratt & Lambert United Inc. |
| 2. DOCUMENT(S) SERVED: | Statement of Service by Mail and Acknowledgemnt of Receipt by Mail of Summons and Complaint. |
| 3. COURT: | Supreme Court Of The State Of New York, County Of New York. Case Number 38103/02 |
| 4. NATURE OF ACTION: | Seeks judgment for breach of Warranty. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, New York, New York |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 10/09/2002 with Postmarked Date 10/07/2002 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20/30 days. |
| 8. ATTORNEY(S): | Levy Phillips & Konigsberg, LLP<br>520 Madison Avenue<br>New York, NY 10022 |
| 9. REMARKS: | According to the records of our office our services have been discontinued in this state. |

| | | |
|---|---|---|
| CC:    Cheryl Rampelt<br>The Sherwin-Williams Company<br>101 Prospect Avenue Midland Building<br>Legal Department<br>Cleveland, Ohio 44115-0000 | SIGNED<br><br>PER<br>ADDRESS | CT Corporation System<br><br>Concetta Bertini /RJ<br>111 Eighth Avenue<br>New York, NY 10011<br>SOP WS 0004841942 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.


**CT System**

**Service of Process Transmittal Form**
New York, New York

**10/10/2002**

**Via Federal Express (2nd Day)**



TO:  Irini Kilian Paralegal
     Benjamin Moore & Co.
     51 Chestnut Ridge Road
     Montvale, NJ  07645-1862

     Phone: (201) 802-6359 ex:
     FAX: (201) 573-6688
     EMAIL: IRINI.KILLIAN@BENJAMINMOORE.COM

RE:  **PROCESS SERVED IN NEW YORK**

FOR     Benjamin Moore & Co. Domestic State: NJ

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **1. TITLE OF ACTION:** | Richard Smolowitz and Rose Smolowit, pltfs. vs The Sherwin-Williams Company et al defts., TO: Benjamin Moore & Co. |
| **2. DOCUMENT(S) SERVED:** | Statement of Service by Mail and Acknowledgemnt of Receipt by Mail of Summons and Complaint. |
| **3. COURT:** | Supreme Court Of The State Of New York, County Of New York. Case Number 36103/02 |
| **4. NATURE OF ACTION:** | Seeks judgment for breach of Warrenty. |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, New York, New York |
| **6. DATE AND HOUR OF SERVICE:** | By Certified mail on 10/10/2002 with Postmarked Date 10/07/2002 |
| **7. APPEARANCE OR ANSWER DUE:** | Within 20/30 days. |
| **8. ATTORNEY(S):** | Levy  Phillips & Konigsberg, LLP 520 Madison Avenue New York, NY  10022 |
| **9. REMARKS:** | |

|  |  |
|---|---|
| SIGNED | CT Corporation System |
| PER | Concetta Bertini /RJ |
| ADDRESS | 111 Eighth Avenue New York, NY  10011 SOP WS 0004841898 |

Information contained on this transmittal form is recorded for C T Corporation System's record  keeping  purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The  recipient is responsible for interpreting the documents and for taking the appropriate action.

## Corporation Service Company
### 2711 Centerville Road Suite 400, Wilmington, DE, 19808
### (302) 636-5400

United States Corporation Company                              The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

---

**Date Processed:** 10-OCT-02                    **Transmittal #:** NY1542344P'      ALL

**To:** DAVID B. GARTEN, GENERAL COUNSEL          **Redirect sent to:**
N L INDUSTRIES INC
16825 NORTHCHASE DRIVE
SUITE 1200
HOUSTON TX 77060

---

**TYPE OF REPRESENTATION:** Statutory

*We enclose the following documents which were served upon:*
                                        The Prentice-Hall Corporation System, Inc.
*as registered agent in   New York          for*
                                        N L INDUSTRIES, INC. (ID#:  0183746)
*Documents were served on  10-OCT-02      via Certified Mail*            **ID#: 70010320000456565251**

---

**Title of Action:** RICHARD SMOLOWITZ, ETAL                    **Case #:** 38103/02
            **vs.** THE SHERWIN-WILLIAMS COMPANY, ETAL
        **Court:** SUPREME COURT STATE OF NEW YORK COUNTY OF KINGS
**Nature of Case:** Personal Injury

---

| X | Summons | ___ | Notice of Mechanic's Lien | ___ | A self-addressed stamped |
|---|---------|-----|---------------------------|-----|--------------------------|
| ___ | Complaint | ___ | Notice of Attorney's Lien | | envelope enclosed |
| ___ | Garnishment | ___ | Notice of Default Judgment | ___ | Duplicate copies of the Notice |
| ___ | Subpoena | | | | and Acknowledgement enclosed |

**X  Other:** VERIFIED COMPLAINT

---

    **Answer Due:** 20 DAYS AFTER SERVICE
**Documents Sent:** Federal Express          **ID#:**
    **Call Placed:** No call placed          **Spoke to:** N/A
    **Comments:** N/A

---

**Attorney for Claimant:**
        SALVATORE V. AZZOLINE
        LEVY PHILLIPS & KONIGSBERG, L.L.P.
        520 MADISON AVENUE
        NEW YORK, NY 10022
        212 605-6203

---

Form Prepared By: Tonya Chapple
*Please acknowledge receipt of this notice and the enclosures by signing and returning this acknowledgement copy. A business reply envelope is enclosed for your convenience.*

**DATE RECEIVED:** 10·15·02   **CLIENT SIGNATURE:**
            Acknowledgement Copy - to be returned to the address above

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

2711 Centerville Road Suite 400, Wilmington, DE, 19808
(302) 636-5400

United States Corporation Company

The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 10-OCT-02

To: WILLIAM R. BRONNER
RHEOX, INC.
WYCKOFF MILL RD.
HIGHTSTOWN NJ 08520

Transmittal #: NY1542346P       ALL

Redirect sent to:
DAVID B. GARTEN, GENERAL COUNS

### TYPE OF REPRESENTATION:   Statutory

We enclose the following documents which were served upon:

as registered agent in   New York         The Prentice-Hall Corporation System, Inc,
                                          for
Documents were served on   10-OCT-02      KRONOS (US), INC. (ID#:   0097838)
                                          via Certified Mail

ID#:   70010320000456565244

Title of Action: RICHARD SMOLOWITZ, ETAL
                 vs.   THE SHERWIN-WILLIAMS COMPANY, ETAL
         Court: SUPREME COURT STATE OF NEW YORK COUNTY OF KINGS
Nature of Case: Personal Injury

Case #: 38103/02

| X  | Summons |
| ___ | Complaint |
| ___ | Garnishment |
| ___ | Subpoena |

| ___ | Notice of Mechanic's Lien |
| ___ | Notice of Attorney's Lien |
| ___ | Notice of Default Judgment |

___ A self-addressed stamped
envelope enclosed
___ Duplicate copies of the Notice
and Acknowledgement enclosed

X  Other:   VERIFIED COMPLAINT

Answer Due: 20 DAYS AFTER SERVICE
Documents Sent: Federal Express
Call Placed: No call placed                  ID#:
Comments: N/A                                Spoke to: N/A

Attorney for Claimant:
        SALVATORE V. AZZOLINE
        LEVY PHILLIPS & KONIGSBERG, L.L.P.
        520 MADISON AVENUE
        NEW YORK, NY  10022
        212  605-6203

Form Prepared By: Tonya Chapple

Please acknowledge receipt of this notice and the enclosures by signing and returning this acknowledgement copy. A business reply
envelope is enclosed for your convenience.

DATE RECEIVED: 11/23/2         CLIENT SIGNATURE: _____
                               Acknowledgement Copy - to be returned to the address above

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or
details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and
for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee.
You should contact that addressee for details or interpretations of the content of those documents.


**CT System**

Service of Process Transmittal Form
New York, New York

10/11/2002

CCSOP WS 0004647368

TO: Thomas L Sager
E. I. du Pont de Nemours and Company
D 7038-3
DuPont Building
1007 Market Street
Wilmington, DE 19898

Phone: (302) 774-3017 exc
FAX: (302) 774-1368
EMAIL: THOMAS.L.SAGER@USA.DUPONT.COM

*D-2002-0A41*

RE:    **PROCESS SERVED IN NEW YORK**

FOR:    E. I. du Pont de Nemours and Company Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:    Richard Smolowitz and Rose Smolowitz, pltfs. vs The Sherwin-Williams Company, et al deft.
TO: The Sherwin -Williams Company.

2. DOCUMENT(S) SERVED:    Statement of Service by mail and Acknowlegment of Receipt by Mail of Summons and Complaint.

3. COURT:    Supreme Court Of The State Of New York, County Of New York.
Case Number 36103/02

4. NATURE OF ACTION:    Seeks judgment for personal injuries sustained due to defendant's negligence in manufacturing in paint.

5. ON WHOM PROCESS WAS SERVED:    CT Corporation System, New York, New York

6. DATE AND HOUR OF SERVICE:    By Certified mail on 10/11/2002 with Postmarked Date 10/07/2002

7. APPEARANCE OR ANSWER DUE:    Within 20/30 days.

8. ATTORNEY(S):    Levy Phillips & Konigsberg, LLP
520 Madison Avenue
New York, NY 10022

9. REMARKS:    I-Note sent 10/11/2002 to MARY.S.TUKE@USA.DUPONT.COM I-Note sent 10/11/2002 to THOMAS.L.SAGER@USA.DUPONT.COM

CC:    Mary S Tuke
E. I. du Pont de Nemours and Company
CMS Coordinator DuPont Building
1007 Market Street
Wilmington, DE 19898

**RECEIVED**

OCT 1 5 2002

DUPONT LEGAL
· LITIGATION ·

SIGNED    CT Corporation System

PER    Concetta Bertini /RJ
ADDRESS    111 Eighth Avenue
New York, NY 10011
SOP WS 0004647368

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

OCT 14 2002

**CT System**

Service of Process Transmittal Form
New York, New York

10/11/2002
Via Federal Express (2nd Day)

TO: Javier Solic Corporate Counsel
AMERON INTERNATIONAL CORPORATION
245 S. Los Robles Avenue
Pasadena, CA 91101

RE:  **PROCESS SERVED IN NEW YORK**

FOR   AMERON INTERNATIONAL CORPORATION Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:         Richard Smolowitz and Rose Smolowitz, plts. vs The Sherwin-Williams Company, et al deft.
                            TO: Ameron International, Inc.

2. DOCUMENT(S) SERVED:      Statement of Service by mail and Acknowledgment of Receipt by Mail of Summons and
                            Complaint

3. COURT:                   Supreme Court Of The State Of New York, County Of New York.
                            Case Number 95103/02

4. NATURE OF ACTION:        Seeks judgment for personal injuries sustained due to defendant's negligence in manufacturing
                            in paint.

5. ON WHOM PROCESS WAS SERVED:   CT Corporation System, New York, New York

6. DATE AND HOUR OF SERVICE:     By Certified mail on 10/11/2002 with Postmarked Date 10/07/2002

7. APPEARANCE OR ANSWER DUE:     Within 20/30 days.

8. ATTORNEY(S):             Levy Phillips & Koniegberg, LLP
                            520 Madison Avenue
                            New York, NY 10022

9. REMARKS:

SIGNED    CT Corporation System
PER
ADDRESS   Concetta Dordini /RJ
          111 Eighth Avenue
          New York, NY 10011
          SOP WS 0004047402

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for
the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that
can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

2711 Center le Road Suite 400, Wilmington DE, 19808
(302) 636-5400

United States Corporation Company                    The Prentice-Hall Corporation System, Inc.

# NOTICE OF SERVICE OF PROCESS

| Date Processed: 10-OCT-02 | Transmittal #: NY1542351P      ASB |
|---|---|

To: NANCY DUFF
PPG INDUSTRIES, INC.
ONE PPG PLACE
39 WEST
PITTSBURGH PA 15272

Redirect sent to:

**RECEIVED**
**OCT 1 1 2002**
**LAW DEPARTMENT**

TYPE OF REPRESENTATION:   Statutory

We enclose the following documents which were served upon:
                                The Prentice-Hall Corporation System, Inc.
as registered agent in   New York       for
                                PPG INDUSTRIES, INC. (ID#:  0136111)
Documents were served on 10-OCT-02    via Certified Mail        ID#:  7001032000456565299

Title of Action: RICHARD SMOLOWITZ, ETAL                    Case #: 38103/02
        vs.  THE SHERWIN-WILLIAMS COMPANY, ETAL
      Court: SUPREME COURT STATE OF NEW YORK COUNTY OF NEW YORK
Nature of Case: Personal Injury

| | | |
|---|---|---|
| X   Summons | ____ Notice of Mechanic's Lien | ____ A self-addressed stamped |
| ____ Complaint | ____ Notice of Attorney's Lien | envelope enclosed |
| ____ Garnishment | ____ Notice of Default Judgment | ____ Duplicate copies of the Notice |
| ____ Subpoena | | and Acknowledgement enclosed |

X   Other:   VERIFIED COMPLAINT

Answer Due: 20 DAYS AFTER SERVICE
Documents Sent: Federal Express          ID#:
Call Placed: No call placed              Spoke to:  N/A
Comments: N/A

Attorney for Claimant:
        SALVATORE V. AZZOLINE
        LEVY PHILLIPS & KONIGSBERG, L.L.P.
        520 MADISON AVENUE
        NEW YORK, NY  10022
        212  605-6203

Form Prepared By: Tonya Chapple

Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.

10/11/02                    Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or
details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and
for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee.
You should contact that addressee for details or interpretations of the content of those documents.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day caused a true and correct copy of the within

and foregoing to be served by U.S. mail with sufficient postage affixed to ensure delivery as follows:

Salvatore V. Azzoline, Esq.
Levy Phillips & Konigsberg, L.L.P.
520 Madison Avenue
New York, NY 10022

*Attorneys for Plaintiffs*

Charles H. Moellenberg, Jr., Esq.
JONES, DAY, REAVIS & POGUE
One Mellon Center, 31st Floor
500 Grant Street
Pittsburgh, PA 15219-2502

*Attorneys for The Sherwin-Williams Company (and the
entities identified in the caption as Martin-Senour Paints,
Mercury Paint Co., and Pratt & Lambert United, Inc.)*

Michael B. Sena, Esq.
Silbert, Hiller & Sena, LLP
1500 Broadway, 21st Floor
New York, NY 10036

*Attorneys for Defendants RPM, Inc. and Rust-Oleum*

Marc L. Zoldessy, Esq.
BENJAMIN MOORE & CO.
Law Department
51 Chestnut Ridge Road
Montvale, NJ 07645

*For Defendant Benjamin Moore & Co.*

Daniel J. Kornstein, Esq.
KORNSTEIN, VEISZ, WEXLER & POLLARD, LLP
757 Third Avenue
New York, NY 10017

- and -

Timothy S. Hardy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005

*Attorneys for Defendants NL Industries, Inc. and Kronos
(US), Inc.*

James K. Leader, Esq.
Joseph G. Colao, Esq.
Joseph I. Fontak, Esq.
LEADER & BERKON LLP
630 Third Avenue
New York, NY 10017

*Attorneys for Defendant E.I. du Pont de Nemours and
Company*

Joseph P. La Sala, Esq.
MCELROY, DEUTSCHE & MULVANEY, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

*Attorneys for Defendant Ameron International, Inc.*

Glenn J. Pogust, Esq.
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598

*Attorneys for Defendant PPG Industries, Inc.*

Dated:  November 8, 2002
        New York, New York

_____
Chris J. Lopata (CL-3260)
JONES, DAY, REAVIS & POGUE
222 E. 41st Street
New York, NY 10017-6702
Tel.: (212) 326-3939
Fax: (212) 755-7306

*Attorneys for The Sherwin-Williams Company*

NY1-2024217v1